M. MALEK v. JOHN KODAD, Appellant.

REINSTATING DISMISSED CAUSE. Refusal will not be interfered with.

*Appeal from Hancock District Court.*—HON. J. C. SHERWIN, Judge.

MONDAY, OCTOBER 22, 1894.

THIS action was commenced in justice's court to recover one hundred dollars damages for hay destroyed by setting out fire. Defendant appeared, and moved for a continuance, which being overruled, he moved that the case be certified to the district court, which also being overruled, he withdrew from the court, and offered no testimony or argument in defense. Judgment was rendered against the defendant, from which he appealed to the district court January 30, 1892. On November 29, 1892, he filed an answer in the district court, which the plaintiff on the same day moved to strike from the file; and on the fifth day of December, 1892, the court overruled said motion, "and defendant is ordered to pay the costs in justice's court forthwith, or answer will be stricken from the file." No exception was taken by defendant to this order. On December 9, 1892, said order as to payment of costs not having been complied with, the court ordered the answer to be stricken from the files, to which the defendant excepted. Judgment was entered that the defendant was in default for want of answer, and the judgment of the justice affirmed. On the same day, defendant filed his motion to reinstate the case, for reasons shown in an affidavit filed in support thereof. Plaintiff filed objections and affidavit, and the court overruled the motion to reinstate, to which the defendant excepted. Defendant appeals.—*Affirmed.*

*R. J. W. Bloom* for appellant.

*A. C. Ripley* for appellee.

GIVEN, J.—It will be observed that defendant took no exception to the order of the court that he "pay the costs in justice's court forthwith, or answer will be stricken from the files." No exception being taken, we do not inquire whether the court was authorized to make such an order. It will also be observed that it was not until the fourth day thereafter that the court ordered the answer to be stricken because of the failure of the defendant to pay the costs as ordered. The one question for us to determine is whether the court should have, for the reasons stated in the affidavit of defendant's attorney, set aside its former order, and reinstated

the case. His statement is, in substance, that he called defendant's attention to the order for payment of costs on the day it was made; that the defendant went to the clerk, but did not have the money with him to pay the costs; that the clerk fixed the next morning as the time for payment; that during the intervening night a severe storm arose, and continued all the next day, in consequence of which the attorney did not attend court; that he learned from the judge on the evening of that day that the cause could not be tried at that term, and so informed his client. He also tenders payment of the costs. The clerk makes affidavit that the defendant informed him on the evening the order was made to pay costs, that he did not have the money; that he informed the defendant that if he would pay it the next morning it would be in time; that he said he would pay the costs then, but had not since paid them, or said anything to him (the clerk) about the matter until after the judgment was entered. With this record before us, there was manifestly no error in overruling the motion to reinstate the case. The defendant had had from January 30, 1892, in which to file his answer. He failed to file it below, and withdrew from the court, and failed to ask leave to file any answer for about eleven months after his appeal was perfected. He did not except to the order that he pay the costs forthwith, but promised to pay them on the next day; yet, after all these delays to pay them for the four days that ensued, he now offers no better excuse for his failure than that a storm prevailed on the first of the four days. The judgment of the district court is AFFIRMED.